## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RALPH JEAN-LOUIS,<br><br>             **Plaintiff,**<br><br>      vs.<br><br>**WALMART, INC.,**<br><br>             **Defendant.** | **4:25CV3166**<br><br><br>**ORDER** |

This matter is before the Court on Defendant's Motion for Enlargement of Time to File Motion to Compel Written Discovery (Filing No. 26). Plaintiff is proceeding pro se in this matter. According to the motion, during defense counsel's attempts to contact Plaintiff regarding his outstanding written discovery obligations, defense counsel learned Plaintiff has been extradited from New York to Nebraska following a bond violation and failure to appear after being charged with use of a firearm to commit a felony for making terrorist threats. Defense counsel represents Plaintiff is currently incarcerated at the Lancaster County Department of Corrections, 3801 West O Street, Lincoln, NE 68528, under Booking No. 2026004216. It is unclear how long Plaintiff will be detained.

Under the circumstances, Defendant has shown good cause to extend the motion to compel deadline. Even though Plaintiff is proceeding without counsel and is now in custody, he nevertheless has a duty to respond to written discovery requests—and to comply with court orders—so that Defendant can assess the merits of Plaintiff's claims and prepare its defenses. See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "pro se status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]"); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."). Furthermore, under the circumstances, the requirement to contact the Court to schedule a telephone conference before filing motions to compel is waived.

Additionally, Plaintiff has an obligation to keep the court informed of his current address at all times. See NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform

1

the court of address changes within 30 days).  As such, the Court will Order Plaintiff to provide the Court written notice of his current address within 30-days. Accordingly,

**IT IS ORDERED:**

1.      Defendant's Motion for Enlargement of Time to File Motion to Compel Written Discovery (Filing No. 26) is granted.  The deadline for filing motions to compel discovery is extended to **August 28, 2026.**  The requirement to contact the Court to schedule a telephone conference before filing motions to compel is waived.

2.      Plaintiff must update his address and contact information with the Court **on or before July 27, 2026**.  Failure to do so will result in dismissal of this action without further notice to Plaintiff.

3.      The Clerk of the Court is directed to send copies of this Order to Plaintiff at:

2574 Bedford Avenue
Apt 1D
Brooklyn, NY 11226

and to

Lancaster County Department of Corrections
3801 West O Street
Lincoln, NE 68528

Dated this 25th day of June, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

2