## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RALPH JEAN-LOUIS,<br><br>        **Plaintiff,**<br><br>    vs.<br><br>**WALMART, INC.,**<br><br>        **Defendant.** | **4:25CV3166**<br><br>**AMENDED**<br>**CASE PROGRESSION ORDER** |

This matter is before the Court on two motions to extend (Filing No. 31; Filing No. 32) filed by Plaintiff, pro se. Plaintiff asks that the Court extend the deadline for him to respond to Defendant's written discovery requests. Plaintiff also requests an extension of case progression deadlines so that he can conduct discovery. Plaintiff represents to the Court that he was arrested and incarcerated on May 8, 2026, and extradited to Lincoln, Nebraska on May 28, 2026. Plaintiff remains in custody at this time.

Plaintiff states he did not receive Defendant's letter and written discovery requests until June 25, 2026, although Defendant's Certificates of Service reflect it sent its First Set of written discovery requests on March 17, 2026, (Filing No. 22), and its Second Set of written discovery requests on April 27, 2026, (Filing No. 24) both to Plaintiff's address of record in Brooklyn, New York. Plaintiff filed a Letter with the Court on April 7, 2026, which evidences he did receive the First Set of written discovery requests. In his letter he stated he did not "feel comfortable" letting Walmart check his background and social media 10-years ago, but provided his social security number and date of birth if "the judge" wanted to conduct a "background check." (Filing No. 23). Plaintiff, or someone writing on Plaintiff's behalf,[1] authored a letter dated May 21, 2026, stating he was "declining signing any more papers" unless "the judge" wants more information. (Filing No. 25). In Plaintiff's current motions, he represents he is now aware of his discovery obligations, and with his current circumstances he believes he can respond to Defendant's requests by September 30, 2026. (Filing No. 32).

Defendant opposes Plaintiff's requested extensions because he has not demonstrated excusable neglect or good cause to extend the deadlines as requested; Plaintiff has not acted in

---

[1] The letter is not signed and is written in different handwriting than Plaintiff's other filings with this Court.

good faith; and Defendant would be prejudiced by the requested extensions. Defendant also asks that Defendant's First Set of Requests for Admissions served on April 27, 2026, be deemed admitted. Defendant cites to Plaintiff's Letters as evidence of his bad faith in refusing to respond to discovery. Defendant also points out that Plaintiff's deadline to respond to written discovery expired before he was incarcerated on May 8, 2026. (Filing No. 36).

Although Defendant's opposition to Plaintiff's requested extensions is well taken, under the circumstances the Court will grant Plaintiff's requested extensions. Plaintiff is proceeding without counsel and has been incarcerated since May 8, 2026. Plaintiff has not previously requested any extensions of time, and there is no trial date or other pressing deadlines that are in peril if Plaintiff's extensions were granted. The Case Progression Order initially entered by the Court on December 29, 2025, (Filing No. 18) has not been amended, aside from extending the motion to compel deadline at Defendant's request (Filing Nos. 26-27), and thus there have not been repeated delays or other circumstances that would render one extension unjust.

To the extent that Defendant asserts it would be prejudiced by Plaintiff's requested extensions due to the upcoming October deposition and planning conference deadlines, such prejudice is easily cured by extending other case progression deadlines to account for the extension of the written discovery deadline. "[T]he district court has broad discretion in establishing and enforcing [case progression] deadlines." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006); *see also Summers v. Curd*, No. 8:21CV 453, 2025 WL 1000799, at *7 (D. Neb. Mar. 28, 2025) ("The Federal Rules embody a preference—shared by many Judges—for resolving cases on the merits, rather than procedural technicalities.") (citing Wright & Miller, 4 § 1029 Purpose and Construction of Rules, 4 Fed. Prac. & Proc. Civ. § 1029 (4th ed.)). While the Court by no means considers case progression deadlines or Rule 33, 34, and 36 deadlines to be "procedural technicalities," given Plaintiff's circumstances, the Court finds it preferable to provide Plaintiff with one more opportunity to engage in written discovery such that this case can be resolved on its merits. However, as the Court previously reminded Plaintiff, all litigants, including those proceeding without counsel, have a duty to respond to written discovery requests and to comply with court orders. Failure to respond to Defendant's written discovery requests by the newly extended deadline may result in the Court's granting of a motion to compel and possible dismissal of his case as a sanction upon Defendant's motion. See Fed. R. Civ. P. 37(a)-(d). Upon consideration,

**IT IS ORDERED:**

1.  Plaintiff's Motions to Extend (Filing No. 31 and Filing No. 32) are granted.

2.  Plaintiff shall have an extension of time to **September 30, 2026,** to respond to Defendant's First and Second Sets of Written Discovery Requests, including Requests for Admission.

**IT IS FURTHER ORDERED:** that case progression order is amended as follows:

1.  The deadline for completing written discovery under Rules 33, 34, 36, and 45 of the Federal Rules of Civil Procedure is extended to **October 16, 2026**.

2.  Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by **October 30, 2026**.

3.  The deadlines for identifying expert witnesses and completing expert disclosures[2] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    | | |
    |---|---|
    | For the plaintiff: | **October 16, 2026** |
    | For the defendant: | **November 13, 2026** |

4.  The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is extended to **December 1, 2026**. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is **ten (10)**.

5.  The deadline for filing motions to dismiss and motions for summary judgment is extended to **January 15, 2027**.

6.  The deadline for filing motions to exclude testimony on *Daubert* and related grounds is extended to **January 15, 2027**.

7.  The planning conference set on **October 14, 2026,** is cancelled. The undersigned magistrate judge will schedule a planning conference to discuss setting the pretrial and trial settings within 7-days after the Court rules on all dispositive motions, if necessary.

8.  All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent

---

[2] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 20th day of July, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge