**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **RALPH JEAN-LOUIS,**<br>**Plaintiff,**<br>**vs.**<br>**WALMART, INC.,**<br>**Defendant.** | **4:25CV3166**<br><br>**ORDER** |

This matter is before the Court on its own motion. Plaintiff previously requested that the Court appoint him counsel in this case because he cannot afford a lawyer and is currently in jail. (Filing No. 38). The Court denied Plaintiff's request to appoint counsel because at the time Plaintiff had not applied for and been granted leave to proceed in forma pauperis. However, the Court stated it would "reconsider his request to appoint counsel" if Plaintiff fully completed and signed a form requesting to proceed in forma pauperis. (Filing No. 39). Plaintiff thereafter did file a motion to proceed in forma pauperis, (Filing No. 40), which the Court granted, (Filing No. 41).

Although "indigent civil litigants have no constitutional or statutory right to appointed counsel, district courts may appoint counsel after considering, among other factors, the factual and legal complexity of a case, the litigant's ability to investigate and present the claims, and the presence of conflicting evidence." *Smith v. Walker*, No. 23-3579, 2025 WL 2170323, at *2 (8th Cir. July 31, 2025) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). "Additional factors include whether an indigent plaintiff has stated a colorable claim, and whether the court would benefit from assistance of counsel." *Id.* (citing *In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir. 1986)). "In ruling on a request for counsel, the district court must exercise 'a reasoned and well-informed discretion' and seriously consider appointing counsel 'whenever an indigent plaintiff establishes in his or her pleadings a prima facie case which, if proven, would entitle him or her to relief.'" *Id.* (quoting *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986)).

After review, the Court finds appointment of counsel is in the best interests of Plaintiff, the Court, and the interests of justice. Plaintiff filed his Complaint for disability employment discrimination without counsel, but has since been incarcerated. Defendant did not move to

dismiss the Complaint, and the case has proceeded to discovery. Plaintiff appears willing to participate in his case and has attempted to comply with the Court's orders and his obligations under the rules; however, Plaintiff's change in circumstances makes it practically difficult for him to participate meaningfully in the discovery process. Accordingly, the Court finds appointment of counsel for Plaintiff is appropriate at this time. *See Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011) (A district court may "recruit counsel for an indigent person in appropriate circumstances," 28 U.S.C. § 1915(e)(1), and "[t]he court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants."). Upon consideration,

**IT IS ORDERED**:

1. Plaintiff's previous request to appoint counsel is granted.
2. With thanks for accepting the appointment, Ryan S. Crnkovich and the law firm of Dornan, Breitkreutz, Dahlquist & Klein PC LLO are hereby appointed to represent Plaintiff Ralph Jean-Louis in this matter.[1] Mr. Crnkovich, and/or any other counsel from his law firm are directed to promptly enter their appearance as counsel in this case.
3. Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to Dornan, Breitkreutz, Dahlquist & Klein PC LLO.
4. A second and last installment of $1,000 shall become due and payable to Dornan, Breitkreutz, Dahlquist & Klein PC LLO upon the entry of judgment or other closing documents in the case.
5. Subject to the prior approval of the Court, counsel may incur reasonable expenses when representing Plaintiff in accordance with the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee. See also NEGenR 1.7(g) and NECivR 54.3-54.4.
6. Should Plaintiff succeed, and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the

[1] Pursuant to the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.

fees and expenses paid from the fund.

7. Counsel for Plaintiff is appointed to assist Plaintiff with discovery and through trial, if this case proceeds to trial. The appointment will not extend to any appeal after trial.

Dated this 14th day of October, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge